IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shah Plastic Company, d/b/a Precision Plastic Ball Company, an Illinois corporation. | )<br>)<br>) |
| Plaintiff, | )<br>) No. 1:17 – CV - 7137<br>)<br>) |
| v. | )<br>) |
| OnCore Golf Technology Inc., a New York corporation, | )<br>)<br>) |
| Defendant. | )<br>) |

**COMPLAINT**

NOW COMES the Plaintiff, Shah Plastic Company d/b/a Precision Plastic Ball Company, (hereinafter "Precision"), by and through its attorneys, McKnight & Kitzinger, LLC, and complaining against the Defendant, OnCore Golf Technology Inc., (hereinafter "OnCore"), states as follows:

**JURISDICTION AND VENUE**

1. This is an action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202. This Court also has jurisdiction of the Illinois law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper under 28 U.S.C. §§ 1391 (b) and 1391 (c) in that the Defendant has contracted and did business in Cook County, Illinois.

**PARTIES**

4. The Plaintiff Precision, was and is a domestic Illinois corporation with its principal place of business located at 10129 Pacific Avenue, Franklin Park Illinois, 60131. At all

relevant times Precision was in the business of selling plastic ball bearing materials for various industries and uses.

5. The Defendant OnCore, was and is a domestic New York corporation with its principal place of business located at 640 Ellicott Street, 4th Floor, Buffalo New York, 14203. At all relevant times OnCore was in the business of manufacturing golf balls and golf materials.

### FACTS COMMON TO ALL COUNTS

6. That Defendant ordered Plaintiff's plastic ball component parts ("product") for its manufacturing uses from September 2014 through April 2016.

7. That Plaintiff received, acknowledged and fulfilled said orders in a reasonable and timely manner pursuant to Defendant's requests.

8. That Plaintiff received the product and delivered same to Defendant.

9. That Plaintiff generated and delivered invoices for said product ordered by Defendant. (*See* Group Exhibit A).

10. That Defendant acknowledged receipt of said invoices and did not dispute the product or charges contained therein.

11. That all invoices referenced the "Terms of Sale" at the bottom of each invoice providing a link to Plaintiff's website which contained the sales contract. (*See* Exhibit B).

12. At no point did Defendant dispute the terms or conditions of the sales contract.

13. Despite Plaintiff performing all of its obligations under the contract, Defendant did not fully pay for the product ordered.

14. That demand for full payment has been made upon Defendant and Defendant has refused to pay without any legal justification.

15. That Defendant currently owes Plaintiff $514,434.90 for product it ordered, which doesn't include late fees and attorney fees and costs.

16. That the sales contract provides for the recovery of attorney fees and late fees in addition to all other legal remedies available to Plaintiff in the event of Defendant's breach.

17. That partial payment by Defendant does not waive Plaintiff's right to recover the full amount owed in addition to late fees and attorney fees and costs.

## COUNT I
## BREACH OF CONTRACT FOR SALE OF GOODS
### 810 ILCS 5/2-112 *et seq.*

18. Plaintiff adopts and incorporates paragraphs 1-17 as though fully set forth herein.

19. That Plaintiff fully performed its obligations under the sales agreement and ordered and delivered product ordered by Defendant.

20. That Defendant did not dispute or reject the goods ordered and received.

22. That Defendant did not dispute the charges for said goods ordered and received.

23. By not remitting full payment for the product ordered Defendant breached the sales agreement with Plaintiff.

24. That Defendant currently owes Plaintiff $514,434.90 plus late fees and said payment has not been received to date.

25. That the recovery of reasonable attorney fees and costs against the breaching party is contained in the sales agreement.

Wherefore, Plaintiff respectfully requests this court enter judgment in its favor and against Defendant in the amount of $514,434.90 plus late fee and reasonable attorney fees and costs.

**COUNT II**
**(in the alternative)**
**UNJUST ENRICHMENT**

26. That Defendant ordered product from Plaintiff and promised to pay for said product.

27. That Plaintiff ordered and delivered the product ordered and Defendant refused to pay despite promises to do so.

28. That as a direct and proximate result of Defendant's refusal to fully compensate Plaintiff for said product Plaintiff sustained monetary losses.

29. That Defendant retained the benefit of the product ordered and received to the detriment of Plaintiff.

30. That Defendant owes Plaintiff the sum of $514,434.90 for the product it ordered from Plaintiff.

31. That it would violate the principals of equity, justice and good conscious if Defendants were to retain said benefit without compensating Plaintiff for its services.

Wherefore, Plaintiff respectfully requests this court enter judgment in its favor and against Defendant in the amount of $514,434.90 plus costs.

**COUNT III**
**(in the alternative)**
**ESTOPPEL**

32. Defendant made an unambiguous promise to pay Plaintiff the stated charges for product ordered by Defendant.

35. That Defendant made the aforesaid promise to pay Plaintiff for ordered product knowing Plaintiff would rely on said promise.

4

36. That Plaintiff did in fact rely on the aforesaid promise and fulfilled Defendant's orders.

37. That as a direct and proximate result of relying on the aforesaid promise by Defendant Plaintiff sustained monetary damages in the amount of $514,434.90.

38. That a grave injustice would occur if Defendant's promise to pay Plaintiff for product ordered was not kept.

Wherefore, Plaintiff respectfully requests this court enter judgment in its favor and against Defendant in the amount of $514,434.90 plus costs.

                    Respectfully submitted,

                    /s/Bryan T. Butcher
                    Bryan T. Butcher #6272014
                    One of the Attorneys for Plaintiff

McKnight & Kitzinger, LLC
117 North Jefferson Street, Suite 301
Chicago, Illinois 60661
(312) 463-9400 (T)
(312) 463-9401 (F)
bbutcher@mkplawyers.com